## IN THE UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category the case for the purpose of assignment to appropriate calendar.

| | |
|---|---|
| Address of Plaintiff: | Michael Mentzer, Executor of the Estate of HAROLD MENTZER, SR., Deceased<br>156 Rocksville Road<br>Holland, Pennsylvania 18966 |
| Address of Defendant: | See attached List |
| Place of Accident, incident or Transaction: | Various |
| | *(Use Reverse Side for Additional Space)* |

Does this case involve multidistrict litigation possibilities?        Yes  ■    No  ☐

*RELATED CASE IF ANY*

Case Number:    01-CV-5981        Judge _____    Date Terminated:    N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes ☐    No ■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes ■    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes ☐    No ■

CIVIL: (Place an ⊠ in *ONE CATEGORY ONLY*)

A.    *Federal Question Cases:*                          B.    *Diversity Jurisdiction Cases:*

| | | | | | |
|---|---|---|---|---|---|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. | ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ | FELA | 2. | ☐ | Airplane Personal Injury |
| 3. | ☐ | Jones Act — Personal Injury | 3. | ☐ | Assault, Defamation |
| 4. | ☐ | Antitrust | 4. | ☐ | Marine Personal Injury |
| 5. | ☐ | Patent | 5. | ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Labor-Management | 6. | ☐ | Other Personal Injury (Please specify) |
| 7. | ☐ | Civil Rights | 7. | ☐ | Products Liability |
| 8. | ☐ | Habeas Corpus | 8. | ☐ | Products Liability — Asbestos |
| 9. | ☐ | Securities Act(s) Cases | 9. | ☐ | All other Diversity Cases |
| 10. | ☐ | Social Security Review Cases | | | (Please specify) |
| 11. | ■ | All other Federal Question Cases<br>(please specify)-Related to Chapter 11 Filing | | | |

### ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____ , counsel of record do hereby cert

☐    Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this c action case exceed the sum of $150,000 exclusive of interest and costs;

☐    Relief other than monetary damages is sought.

DATE: _____    _____    _____
                                          *Attorney-at-Law*                *Attorney I.D.#*

   **NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this co except as noted above.

DATE: _____    _____    _____
                                          *Attorney-at-Law*                *Attorney I.D.#*

## Defendants (Names and Addresses):

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI 48326-2766

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000


Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

Fel-Pro, Inc.,

Ferodo America, Inc.,

Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

Moog Automotive Inc., formerly known as Wagner Electric Corporation,

Pneumo Abex Corp., or

T&N plc.

2655 Northwestern Highway
Southfield, MI 48034

JS44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as pro by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose if init the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael Mentzer, Executor of the Estate of Harold Mentzer, Sr., Deceased

## DEFENDANTS
SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT___ ___ ___
(IN U S. PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRAC
OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lawrence R. Cohan, Esquire
Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley
1900 Delancey Place
Philadelphia, PA 19103
(215) 790-4567

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1  U S. Government Plaintiff

☐ 2  U S. Government Defendant

■ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE B
(For Diversity Cases Only)  FOR PLAINTIFF AND ONE BOX FOR DEFENDA

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for personal injury for asbestos exposure against  Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursua
28 U.S.C. § 1452(a).

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ■ 368 Asbestos Personal | ☐ 640 R R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 690 Other | **SOCIAL SECURITY** | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Property Damage | Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt | ☐ 865 RSI (405(g)) | Act |
| | Injury | Product Liability | Relations | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | Reporting & Disclosure Act | ☐ 870 Taxes (U S Plaintiff | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor | or Defendant | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus | Act | ☐ 871 IRS - Third Party | ☐ 900 Appeal of Fee Determina |
| ☐ 240 Torts to Land | Accommodations | ☐ 520 General | ☐ 790 Other Labor | 26 USC 7609 | Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | Litigation | | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of |
| | | ☐ 550 Other | Security Act | | State Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding  ■ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F R.C P 23

**DEMAND $**
In Excess of $50,000.00

Check YES only if demanded in complaint.
**JURY DEMAND** ■ YES  ☐

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE  DOCKET NUMBER  01-CV-5981

DATE
July 22, 2002

SIGNATURE OF ATTORNEY OF RECORD
**Edward T. Finch, Esquire**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**Defendants (Names and Addresses):**

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI 48326-2766

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

     Fel-Pro, Inc.,

     Ferodo America, Inc.,

     Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

     Moog Automotive Inc., formerly known as Wagner Electric Corporation,

     Pneumo Abex Corp., or

     T&N plc.

2655 Northwestern Highway
Southfield, MI 48034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

MICHAEL MENTZER, Executor of the Estate of
HAROLD MENTZER, SR., Deceased     CASE NO.

   V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

July 22, 2002
_____
(Date)

_____
Attorney-at-law

Edward T. Finch, Esquire
Attorney For
DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation

(Civ. 660)
12/91

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

MICHAEL MENTZER, Executor of the Estate of      CASE NO.
HAROLD MENTZER, SR., Deceased

    V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

---

## NOTICE OF REMOVAL

Defendants DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned Michael Mentzer, Executor of the Estate of Harold Mentzer, Sr., Deceased v. Pneumo Abex Corporation, et al. now pending in the Court of Common Pleas of Bucks County, at No. 02-90104. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the automobile manufacturers state the following:

1.      The action of which the removed claims are a part was commenced in the Court of Common Pleas of Bucks County.

2.      The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile

manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.      On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.      The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendants are related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.      Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.      Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

2

7.      The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.      On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.      On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.     On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.     On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

3

12.    However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

13.    The Removing Defendants file this Notice of Removal to adequately protect the interests of Removing Defendants and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14.    The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Bucks County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY: _____

Edward T. Finch, Esquire
Attorney for Defendants,
DaimlerChrysler Corporation,
Ford Motor Company and
General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written notice of the removal of this action will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Court of Common Pleas.

_____

Edward T. Finch, Esquire

COPY

ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY
BY:    LAWRENCE R. COHAN, ESQUIRE
       MARGARET A. BARRY, ESQUIRE
       THOMAS R. ANAPOL, ESQUIRE
       MIRIAM B. BARISH, ESQUIRE
       HEATHER J. LIPSON, ESQUIRE
I.D. NOS.:    30546; 44056; 49761; 62121; 72622; 80914
1900 Delancey Place
Philadelphia, PA  19103
(215) 790-4567

---

| | |
|---|---|
| MICHAEL MENTZER, Executor of the Estate of HAROLD MENTZER, SR., Deceased 156 Rocksville Road Holland, Pennsylvania 18966 | COURT OF COMMON PLEAS BUCKS COUNTY, PA |
| | ASBESTOS CASE |
| vs. | JURY TRIAL DEMANDED |
| PNEUMO ABEX CORPORATION, et al | NO. 02-90104 |

COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE

BUCKS COUNTY ASSOCIATION
135 E. State Street
Doylestown, PA 18901
(215) 348-9413

# DEFENDANTS ADDRESSES

Pneumo Abex Corporation
c/o Prentice Hall Corporation
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(DAUPHIN COUNTY)

Allied Signal, Inc.
P.O. Box 2245 R
Morristown, New Jersey 07960

Crown, Cork & Seal Company
One Crown Way
Philadelphia, PA 19154
(PHILADELPHIA COUNTY)

DaimlerChrysler Corporation
1000 Chrysler Drive
Auburn Hills, Michigan 48326

Ford Motor Company
c/o John Rintamaki
1037 The American Road
Dearborn, Michigan 48121

Foster Wheeler Corporation
Perryville Corporate Park
Clinton, New Jersey 08809



General Motors Corporation
c/o C.T. Corporation Systems
1515 Market Street
Philadelphia, PA 19102
(PHILADELPHIA, COUNTY)

General Refractories Company
225 City Line Avenue
Bala Cynwyd, PA 19004
(MONTGOMERY COUNTY)

Honeywell International, Inc.
P.O. Box 4000
Morristown, New Jersey 07962

IMO Industries, Inc.
997 Lenox Drive, Suite 111
Building Four West
Lawrenceville, New Jersey 08648

Mahoning Valley Gasket Company
c/o Kelly Tait, Esquire
Marks, O'Neill, O'Brien & Courtney
1880 John F. Kennedy Boulevard
Philadelphia, PA 19103
(PHILADELPHIA COUNTY)

Maremont Corporation
One Noblitt Plaza
Columbus IN 47201

Metropolitan Life Insurance Company
1 Madison Avenue
New York, New York  10010

Owens-Illinois, Inc.
One Sea Gate
Toledo, Ohio 43666

Rapid American Corporation
c/o Prentice Hall
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808-1654

Rockbestos Surprenant Cable Corporation
f/k/a Rock Bestos Company
C.T. Corporation
c/o U.S. Corporation
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(DAUPHIN COUNTY)

Sager Corporation
c/o Richard C. Polley, Esquire
Dickie, McCamey & Chilcote
Suite 400, Two PPG Place
Pittsburgh, PA 15222
(ALLEGHENY COUNTY)

Uniroyal, Inc.
70 Great Hill Road
Naugatuck, CT 06770

ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY
BY:    LAWRENCE R. COHAN, ESQUIRE
       MARGARET A. BARRY, ESQUIRE
       THOMAS R. ANAPOL, ESQUIRE
       MIRIAM B. BARISH, ESQUIRE
       HEATHER J. LIPSON, ESQUIRE
I.D. NOS.:    30546; 44056; 49761; 62121; 72622; 80914
1900 Delancey Place
Philadelphia, PA 19103
(215) 790-4567

---

| | | |
|---|---|---|
| MICHAEL MENTZER, Executor of the Estate of | : | COURT OF COMMON PLEAS |
| HAROLD MENTZER, SR., Deceased | : | BUCKS COUNTY, PA |
| 156 Rocksville Road | : | |
| Holland, Pennsylvania 18966 | : | |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |

485    PNEUMO ABEX CORPORATION, as                        :
       successor in interest to Abex Corporation;          :
242    ALLIED SIGNAL, INC.;                                :
72     CROWN, CORK & SEAL CO., INC.;                       :        NO.
62     DAIMLEYCHRYSLER CORPORATION;                        :
245    FORD MOTOR COMPANY;                                 :
105    FOSTER WHEELER CORPORATION;                         :
110    GENERAL MOTORS CORPORATION;                         :
111    GENERAL REFRACTORIES COMPANY;                       :
       HONEYWELL INTERNATIONAL INC.,                       :
       as successor in interest to Allied Signal, Inc.;    :
478    IMO INDUSTRIES, INC., as successor in               :
       interest to and f/k/a DeLaval Turbine,              :
       Transamerica DeLaval and Imo DeLaval;               :
148    MAHONING VALLEY GASKET COMPANY; :
150    MAREMONT CORPORATION;                               :
171    OWENS ILLINOIS, INC.;                               :
424    RAPID AMERICAN CORPORATION;                         :
454    ROCKBESTOS-SURPRENANT CABLE                         :
       CORP., formerly known as ROCK BESTOS CO.:
198    SAGER CORPORATION;                                  :
220    UNIROYAL, INC.;                                     :
481    METROPOLITAN LIFE INSURANCE CO.                     :

## COMPLAINT

Pursuant to an Order dated February 3, 1989, signed by the Honorable Issac S.

Garb, President Judge, the following Short Form Complaint is utilized in this asbestos

action. Plaintiffs hereby incorporate the Amended Master Long Form Complaint as fully

as if that document was set forth at length herein including, but not limited to:

| | | |
|---|---|---|
| COUNT I | - | (Negligence and Outrageous Conduct) |
| COUNT II | - | (Strict Liability) |
| COUNT III | - | (Conspiracy) |
| COUNT IV | - | (Breach of Warranty) |
| COUNT V | - | (Damages) |
| COUNT VII | - | (Wrongful Death) |

1.    The Plaintiffs in the instant matter are:

    a.    Michael Mentzer, Executor of the Estate of Harold Mentzer, Sr.
       156 Rocksville Road
       Holland, Pennsylvania 18966

    b.    Harold Mentzer, Sr. (Plaintiff-Decedent-Worker)

       Social Security No. 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
       Date of Birth: May 15, 1924
       Date of Death: November 26, 2001

2.    The Defendants in the instant matter are those listed in the above caption.

3.    The Defendants in the instant matter are those listed in the above captioned.

In addition, Plaintiff has named Defendant, RAPID AMERICAN CORPORATION,

which was not named in Plaintiffs' Master General Long Form Complaint, No. 89-90000-

11-2.

       Defendant, RAPID AMERICAN CORPORATION, as successor in interest

to Philip Carey Corporation, is a corporation whose registered agent address for process

of serving is, Prentice Hall, 2711 Centerville Road, Wilmington, Delaware 19808, which is doing business in the Commonwealth of Pennsylvania. At all times material hereto, Defendant, RAPID AMERICAN, manufactured, produced and sold, either directly and indirectly, in the geographical area in which Plaintiff worked, and/or to employers of the Plaintiff and/or to contractors on job sites on which Plaintiff worked, asbestos products, including but not limited to asbestos block, pipe covering and insulation materials.

4.      The Defendants in the instant matter are those listed in the above captioned. In addition, Plaintiff has named Defendant, METROPOLITAN LIFE INSURANCE COMPANY, which was not named in Plaintiffs' Master General Long Form Complaint, No. 89-90000-11-2.

Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is an insurance company organized and existing under the laws of the State of New York, has its principal place of business in the State of New York and at all times material hereto was doing business in the Commonwealth of Pennsylvania. It is sued for its conduct and omissions as a consultant to certain defendants.

5.      Plaintiff's Decedent-worker's asbestos exposure history, including to the extent possible at this time, the asbestos manufacturers and products to which Plaintiff's Decedent-worker was exposed; and the inclusive dates of exposure and job site(s) is attached hereto as Exhibit I.

6.      Plaintiff-decedent's estate first learned of decedent's asbestos-related disease, Lung Cancer, on or about June 23, 2001, from Dr. Alfred Neugut. Plaintiff's

estate first became aware of his asbestos-related disease only after the diagnosis date.

7.     Plaintiff-decedent-worker's history of tobacco use is as follows:

Plaintiff-decedent smoked one pack of cigarettes per day from 1940 until quitting in 1978.

8.     A claim for lost wages is not asserted at this time, but may become viable in the future.

9.     The following persons were dependent upon Plaintiff's Decedent-worker for support:

a.     None

10.     Plaintiff hereby certifies through his undersigned counsel that he has brought no other claim in a court of law for Plaintiff's Decedent-worker's asbestos caused injuries alleged herein.

11.     Michael Mentzer, Executor of the Estate of Harold Mentzer, Sr., Deceased, brings this Wrongful Death and Survival action pursuant to 42 Pa. Cons. Stat. Ann. §8301 and §8302, respectively, and is entitled to recover thereunder as executor and beneficiary.

FOR CHILDREN SURVIVING -- In addition, the following beneficiaries are entitled to recover pursuant to 42 Pa. Cons. Stat Ann. §8301:

a.     Michael Mentzer, son

b.     Harold Mentzer, Jr., son

c.     John Mentzer, son

WHEREFORE, Plaintiff, Michael Mentzer, Executor of the Estate of Harold Mentzer, Sr., in his own right, pray for judgment against the Defendants and each of them individually, jointly and/or severally on each of the above Counts, for compensatory damages in an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00) and (except on Count IV) punitive damages in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00) plus costs of suit, and such other and further relief as is just and proper.

ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY

BY _____

LAWRENCE R. COHAN, ESQUIRE
MARGARET A. BARRY, ESQUIRE
THOMAS R. ANAPOL, ESQUIRE
MIRIAM B. BARISH, ESQUIRE
HEATHER J. LIPSON, ESQUIRE

HAROLD MENTZER, SR.
EXHIBIT I
(PLAINTIFF-DECEDENT WORKER'S WORK HISTORY)

| Commencement Date | Cessation Date | Employer Location | Social Security Number | Job Description | Asbestos Manufacturers Products |
|---|---|---|---|---|---|
| 1952 | 1986 | USX Fairless Hills, PA | 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 | Laborer/ Maintenace | See detailed description in Plaintiff's Master Long Form Complaint |
| 1946 | 1950 | Foster Motor Altoona, PA | " " | Auto Mechanic | " " |

## AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF *Montgomery*

      MICHAEL MENTZER, Executor of the Estate of Harold Mentzer, Sr.,

being duly sworn according to law, deposes and says that the facts set forth in the

foregoing COMPLAINT are true and correct to the best of his knowledge, information

and belief.

BY:  X _____

        MICHAEL MENTZER, Executor
        of the Estate of Harold Mentzer, Sr.

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 30th DAY

OF _____May_____ , 2002

_Barbara A. Cullison_

My Commission Expires: 11/17/02

NOTARIAL SEAL
BARBARA A. CULLISON, Notary Public
Haverford, Montgomery County
My Commission Expires Nov. 17, 2002